Zeb MATTOX, Appellant

v.

Charles C. HERTWIG, Trustee for Precision Recapping Equipment Company, Appellee.

No. 19948.

United States Court of Appeals
Fifth Circuit.

April 4, 1963.

Cubbedge Snow, Macon, Ga., Martin, Snow, Grant & Napier, Macon, Ga., for appellant.

Wallace Miller, Jr., Charles M. Cork, Macon, Ga., Miller, Miller & Miller, Macon, Ga., of counsel, for appellee.

Before TUTTLE, Chief Judge, and POPE* and JONES, Circuit Judges.

TUTTLE, Chief Judge.

This is an appeal from an order of the District Court for the Middle District of Georgia directing that a subpoena duces tecum be issued requiring appellant to appear in Charlotte, North Carolina, on a specified date with described records of a partnership of which he was a partner and to give testimony touching on financial transactions between his partnership and Precision Recapping Equipment Company, which was then in reorganization under Chapter X of the Bankruptcy Act. The appeal also complains of the order of the trial court denying the motion to quash the show cause order following which the subpoena duces tecum was ordered.

The question presented is whether the Bankruptcy Court in the Middle District of Georgia under the circumstances existing had the legal power to cause a subpoena duces tecum to be issued and served on a non-resident of the State of

* Of the Ninth Circuit, sitting by designation.

Georgia, residing some three hundred fifty miles distant to produce records under his control for the examination of the Trustee in reorganization. In issuing its orders, the trial court considered that the appellant was a party to the reorganization proceedings, and thus subject to the orders of the Court in the same manner as any other party.

The appellee contends that Section 21, sub. b of the Bankruptcy Act and Section 21, sub. k of the Act, expressly provides that the parties in interest shall be entitled to all the rights and remedies pertaining to discovery, interrogatories, inspection and production of documents as are granted by the Rules of Civil Procedure for the United States District Courts; that the action taken by the District Court here is strictly in accordance with the provisions of Rule 26 touching on the taking of depositions and Rule 45, dealing with the issuance of a subpoena to enforce attendance in the county in which the witness resides. The order issued by the District Court in this case provided for notice to be served by the United States Mail and for service to be made on counsel of record in the pending reorganization proceedings who had previously appeared on behalf of appellant and on behalf of his partnership, Retreading Equipment Company.

Appellant, on the other hand, contends that the provisions of the Bankruptcy Act which authorize the holding of ancillary hearings in bankruptcy matters (Section 2(20) of the Bankruptcy Act) exclude the proceedings in a Bankruptcy Court from those cases which otherwise would fall within the broad powers contained in the Federal Rules of Civil Procedure.

The circumstances under which the District Court ordered the subpoena to issue may be briefly stated as follows: Precision Recapping Equipment Company, the debtor, and two related corporations filed and had approved their application for reorganization under Chapter X of the Bankruptcy Act in the District Court for the Middle District of Georgia on February 15, 1961. The District Court appointed appellee trustee and ordered him to "investigate the acts, conduct, property, liabilities and finances and financial condition of said debtor, the operation of its properties and the desirability of continuance thereof, and any other matters relevant to the proceedings or the formulation of a plan * * *" Appellant Mattox was at that time and still is Vice President, a Director and a Stockholder of the debtor: he was also and still is a partner of Retreading Equipment Company, consisting of himself and his four sons, which has its principal place of business in Charlotte, North Carolina, where Mattox lives. Since October 1, 1953, Retreading had had a royalty contract and sales agency contract with the debtor, whereby it paid the debtor royalties for use of certain patents of the debtor and paid the debtor commissions for sales made by the debtor for it. The debtor had an obligation outstanding to Mattox on a promissory note in the approximate amount of one million two hundred thousand ($1,200,000.00) Dollars dated October 1, 1953, which Mattox had transferred to his partnership on or about October 1, 1953: at the time of the filing of the petition for reorganization the partnership was indebted to the debtor in the sum of $349,190.44. During the reorganization proceedings, both Mattox and the partnership filed objections to certain proposals and one time objected to the entire reorganization proceedings. Cubbedge Snow, Esquire, of the Macon Bar was attorney of record for Mattox and Retreading during these proceedings and remained counsel of record at the time of the orders here complained of. During the pendency of the reorganization proceedings an auditor engaged by the Trustee made certain investigations of the books of Retreading at the place of business of Mattox in North Carolina, and he represented to the trial court that this investigation showed that Retreading was indebted to

the debtor in an amount in excess of that shown on the books of the debtor corporation. He also represented to the trial court that his investigation indicated that Retreading and/or Mattox may have failed to pay other sums that would be due to the debtor corporation under the existing contracts between these two parties. It was in this posture of affairs that appellee sought from the trial court the subpoena duces tecum which was subsequently issued. The trial court entered an order requiring that an order to show cause why such subpoena should not issue be served by mail on Mattox and Retreading and that it be served also on local counsel of record for these parties in the reorganization proceedings.

Appellant, without waiving his rights to contest the jurisdiction of the District Court for the Middle District of Georgia over him as a person and over his books moved to quash the notice of the order to show cause. This was set for hearing and argument was had and the motion was overruled by the trial court, which then issued the order here complained of.

We think it plain that under the circumstances the appellant was such a party to the pending proceedings in the reorganization court that he was subject to any orders of the court as would run against any party to the litigation. We also think that the provisions of the Federal Rules of Civil Procedure which authorize the taking of a deposition outside of the territorial jurisdiction of the court in which litigation is pending and the rules providing for the method of service of the notice of taking such deposition and the issuance of a subpoena duces tecum under such circumstances are applicable in a situation such as that before the court.

The Court followed the procedure as suggested in Collier on Bankruptcy, 14th Edition, Volume 2, Pages 330–331, which seems to us to comport fully with the law and the rules.

The orders of the trial court are therefore affirmed.